IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOUSECANARY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-18-CV-0519-FB |
| | § | |
| QUICKEN LOANS, INC., ONE REVERSE | § | |
| MORTGAGE, LLC, AND IN-HOUSE | § | |
| REALTY, LLC., | § | |
| | § | |
| Defendants. | § | |

### ORDER SETTING AN INITIAL STATUS CONFERENCE, HEARING REGARDING JURISDICTION, VENUE, REQUEST FOR INJUNCTIVE RELIEF AND OTHER RELATED MATTERS

**Truth is like the sun. You can shut it out for a time, but it ain't going away.**

Elvis Presley

As the Court, with the assistance of counsel[1] begins the search for the truth in this matter, the current state of the pleadings is:

The Reply to HouseCanary's Opposition to Defendants' Motion to Dismiss or Transfer to the Eastern District of Michigan and in support of defendants' own motion is due on or before Thursday, August 16, 2018 (docket #39). Jurisdiction, venue, and request for and opposition to injunctive relief are the issues presently before the Court.

This case is the latest in a long running dispute between the parties over home appraisals, mortgage lending, and trade secret non-disclosure agreements, among other things.[2] The parties

---

[1] Many of whom no doubt have academic credentials of *cum laude*. When the chief financial officers of the parties receive the bills, they may say, "Lordy, how come?"

[2] *Title Source, Inc. v. HouseCanary, Inc., f/k/a Canary Analytics, Inc.*, No. 2016-CI-06300 (73rd Dist. Ct., Bexar County, Tex. Mar. 14, 2018); and *HouseCanary, Inc. v. Quicken Loans Inc., One Reverse Mortgage, LLC, and In-House Realty, LLC*, No. 3:18cv-01672-WHA, (N.D. Cal. May 25, 2018).

having created this controversy, the Court will do its best to help resolve it sooner and less expensively or later and more expensively depending on what the parties choose.

To the extent more discovery is needed in addition to that done in the previous litigation, the Court advises counsel and the parties as follows:

1. Subject to matters of privilege, the Court expects the parties to engage in full and open discovery, laying all cards on the table with the goal being the early and less expensive resolution of this dispute for the benefit of the parties. *See generally* FED. R. CIV. P. 26(b)(1) and W. DIST. LOC. R. CV-16 and CV-26 through CV-37.

2. There will be no Rambo tactics or other forms of elementary school behavior. Simply put: Do not play games.

3. Make time for earspace, *i.e.* talking and listening as opposed to texting and emailing.

4. If necessary, the Court will require the party wishing to withhold information to present those items in camera to the Court. Should it be determined that discovery of those items should have been made, the Court will impose appropriate penalties.

5. The Court observes, and counsel are well aware, that a trial, appeal and reversal and remand for new trial would result in each side being aware of the opponent's evidence. It would appear to be more efficient and less costly for the clients simply to make discovery early in the case, **regardless of whether the information is hard copy, computerized, etc.**

6. Counsel shall be cognizant of and consider attachments 1 and 2 to this Order.

Although the Court expects vigorous advocacy and does not expect counsel to hold hands and sing Kumbaya, the consequences of unprofessional conduct or acerbic shrillness in the pleadings

can also include revocation of *pro hac vice* privileges,[3] sitting in timeout in the rotunda of the courthouse[4] and opposing counsel kissing each other on the lips in front of the Alamo with cameras present.[5] (The latter only had to be threatened for the misconduct to stop. The two former sanctions have been imposed.) As did Sergeant Joe Friday, the Court expects "Just the facts, ma'am."[6]

In making some decisions, the Court will receive advice and counsel of United States Magistrate Judge Henry Bemporad and the two law clerks assigned to the case. Some matters may be assigned to Magistrate Judge Bemporad in whom the Court has great confidence and whose recommendations are almost always accepted.

The parties also have the option of consenting to have Magistrate Judge Bemporad preside over the entire case if it stays in this Court. There are those who find him far smarter and more patient than the undersigned.

One of the parties has suggested the possibility of a special master. If that is ordered, and if he will accept an appointment, it will be Lamont Jefferson, Esquire, who is, like local counsel, a friend of the Court or in South Texas parlance, a "curious amigo." If the Court appoints him or some other counsel, fees shall be paid equally by plaintiff and defendants, with those fees being taxed as costs to the losing party if there is a trial.

The Court is also reminded of a business dispute in state court about thirty-five years ago during the savings and loan debacle. Another wonderful San Antonio lawyer, the late Keith Kaiser,

---

[3] *Nova Consulting Group, Inc. v. Engineering Consulting Services, Ltd., et al.*; SA-03-CA-0305-FB (W. D. Tex. Feb. 13, 2007), at docket numbers 118 and 234.

[4] *Kinetic Concepts, Inc., et al. v. Hillbenbrand Indus., Inc., et al.*; SA-95-CA-755-FB (W.D. Tex. Jan. 1, 2003), and *Kinetic Concepts, Inc. v. Support Sys. Int'l, Inc. & SSI Medical Servs., Inc.*, SA-91-CA-0927 (W.D. Tex. 1994).

[5] *Garza, et al. v. Remington Arms Co., et al.*, SA-93-CA-1082-FB (W.D. Tex. Feb. 7, 1996); and *Zamora-Quezada, et al. v. HealthTexas Med. Group*, SA-97-CA-0726-FB (W.D. Tex. Dec. 20, 2000).

[6] J Michael Hayde, My Name's Friday: The Unauthorized but True Story of Dragnet and the Films of Jack Webb, 73 (Cumberland House 2001).

3

Esquire, opposing counsel, and the parties agreed on a settlement which saw one party buy the other, bringing to a close contentious and expensive litigation.

A long time ago in a galaxy far, far away,[7] the San Antonio litigation legal community consisted of about 300 lawyers who knew each other on a professional and social level, some of whom are quite capable of trying these kinds of cases and whose handshake agreements were kept, making court orders often unnecessary.

For reasons known only to the parties who pay the bills, the more recent phenomenon is for equally capable counsel to immigrate into Texas as shown in this illustration:



As another old school San Antonio lawyer, Hobart Huson, Jr., was fond of saying, "Texans, you are guarding the wrong river."

While the Court has read all of the pleadings and has an understanding of the different business entities involved in this and the state court litigation, it would be helpful if the parties would

---

[7] The opening crawl of the Star Wars series created by George Lucas.

submit a check for $18,000 to the people who are the connecting relationships between and among those entities.

The matters before the Court are set for a hearing on **Monday, September 24, 2018**, at **9 a.m.** in Courtroom 2 of the John H. Wood, Jr. United States Courthouse, 655 E. César E. Chávez Boulevard, San Antonio, Texas 78206. The Court requires that the businesspeople asking the Court to spend its time helping to resolve the current issues shall also be present. The names the Court recalls are Messrs. Farmer, Sicklick, Emerson, Vida, Tribble and Stroud. There may be others who should attend.

## Keeping Things in Perspective

Condensing 14 billion years into a twenty-four hour time line reveals that our ancestors showed up at about a minute before midnight, which means that our biblical three score and ten and the time of this litigation is a nanosecond blink of an eye.[8] Accordingly, may we move toward a reasonable conclusion with or without a trial whether in this Court or some other.

It is so ORDERED.

SIGNED this 14th day of August, 2018.

FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[8] The History of Earth in 24-hour Clock below is adapted from Carl Sagan's Cosmic Calendar.



History of Earth in 24-hour clock

---

# The Rule
## For the Practice of Law

*Treat others (including lawyers, parties, witnesses and Court staff) as you would like to be treated.*

---

### The Implementation of The Rule

Our goal is the fair, peaceable and efficient resolution of disputes, and to seek the truth within the bounds of the rule of law.

There is a difference between advocacy for the sake of prolonging advocacy and serving the best interests of clients in bringing litigation to closure.

The law is only a part of life. It is easier to abide by The Rule if one occasionally breaks bread with one's adversary.

Abide by the Texas Lawyer's Creed.

### The Penalties for not abiding by The Rule

The loss of respect and goodwill from one's professional colleagues, thus making the practice of law much less enjoyable.

The writing of The Rule in multiples of fifty on a Big Chief tablet with a Number Two pencil.[1]

The donation of numerous pictures of George Washington to deserving charitable organizations.

Others within the discretion of the Court.

**Fred Biery**
United States District Judge

---

[1] This penalty is reserved for those whose conduct is particularly childish.



Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often a real loser–in fees, expenses, and waste of time. As a peacemaker the lawyer has a superior opportunity of being a good man. There will still be business enough.

Abraham Lincoln