**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| HOUSECANARY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC., ONE REVERSE MORTGAGE, LLC, AND IN-HOUSE REALTY, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:18-cv-00519-FB |

**DEFENDANTS' MOTION TO UNSEAL
DOCUMENT MADE PUBLIC IN STATE COURT**

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................................1

BACKGROUND .................................................................................................................................1

ARGUMENT ......................................................................................................................................3

    I.      Legal Standard ...............................................................................................................3

    II.    Because Page 11 Has Been Used in a Public Adjudicative Proceeding and the State Court Has Made it Public, Page 11 Can No Longer Be Sealed. ...............4

CONCLUSION....................................................................................................................................6

## INTRODUCTION

Defendants Quicken Loans Inc., One Reverse Mortgage, LLC, and In-House Realty, LLC hereby move to unseal Page 11 of Exhibit 18 of the Tribble Declaration attached to Dockets 34 and 37, which is trial exhibit DX481, from the state-court action.  Page 11, HouseCanary's so-called similarity score, had been used—unsealed—in the public state-court proceedings, and HouseCanary also filed it on this Court's public docket—twice.  On August 7, 2018, this Court ordered Page 11 sealed (Dkt. 45), based on HouseCanary's representations that it contained alleged trade secrets that were sealed in state court.  But on October 25, 2018, the state court *denied* HouseCanary's motion to seal trial Exhibit DX481—filed for the first time *after* HouseCanary filed the same document on the public docket in this Court—forever releasing this document to the public.  Decl. of William E. Thomson ("Thomson Decl."), Ex. A.  Accordingly, whatever basis there may have been to seal Page 11 no longer exists.  The public, including the press, now have unfettered access to Page 11 from the state court record.  Any secrecy Page 11 might have enjoyed has thus evaporated.  As a consequence, the Court should unseal Page 11 of this exhibit in this action as well.

## BACKGROUND

During a seven-week state-court trial between Plaintiff HouseCanary and Title Source, Inc., HouseCanary publicized in open court several exhibits that include the page at issue here.  On July 2, 2018, the state court ordered some of these exhibits sealed.  *See* Dkt. 42-3, Ex. C. HouseCanary, however, never asked, and the state court never sealed, DX 481.

On July 5 and again on July 11, HouseCanary filed the same exhibit on *this Court's* public docket.  *See* Dkt. 34-21, Tribble Decl., Ex. 18 at 11; Dkt. 37-20, Tribble Decl., Ex. 18 at 11; Dkt. 43 at 2-3.  Specifically, HouseCanary filed state-court trial exhibit DX481 as Exhibit 18 to the Tribble

Declaration.  (Exhibit 18 is stamped, in the lower-right corner of each page, with the marker for

DX481.)  DX481 is one of the exhibits that contains this supposedly-secret page; it is page 11.

On July 20, HouseCanary moved the state court to seal page 11 of DX481 for the first time

(despite previously having asked the Court to seal other purportedly "trade secret" documents).

*See* Thomson Decl., Ex. B at 2, 4.  HouseCanary asserted that it had "inadvertently publicly filed

. . . the last page" of "DX481" as page 11 of Exhibit 18 of the Tribble Declaration in this Court

(ironically, as part of its motion to enjoin the disclosure of that same alleged secret).  *Id.* at 1.

HouseCanary contended "[t]here is no evidence that [DX481] has been viewed by the public, much

less the eleventh page of the document."  *Id.* at 2 n.1.  HouseCanary therefore requested that the

state court seal Page 11, because it supposedly contained information that the state court had

determined was a trade secret.  *Id.* at 2, 4.  Importantly, however, the press intervened in the state

court action, notifying the court that they were in possession of the publicly filed document and

intended to publish it.  Thomson Decl., Ex. C. at 2.

While HouseCanary's state-court motion was pending, on July 27, HouseCanary moved

this Court to seal Page 11, arguing that the state court had concluded that the same page—albeit

as part of different trial exhibits—contained trade secrets.  *See* Dkt. 42.  The Court granted the

motion on August 7.  Dkt. 45.

On October 25, the state court denied HouseCanary's motion to seal.  *See* Thomson Decl.,

Ex. A.  The state court thereby confirmed that DX481 in its entirety—including its supposedly-

secret last page—is public.[1]  The state court, moreover, confirmed that its order sealing certain

---

[1]  Page 11 of DX 481 is identical to Plaintiff's Exhibit 4 that was introduced during the Hearing
on Defendant's motion to dismiss and HouseCanary's motion for injunctive relief (it was
marked DX 342 at the state court trial).

trial exhibits did not prohibit the media from publishing the document in question.  Thomson Decl.,

Ex. D.

## ARGUMENT

Any basis for sealing Page 11 has now vanished.  The Court ordered Page 11 sealed based

on HouseCanary's argument—made while its motion to seal the same page in state court was

pending—that the state court found it to contain trade secrets and it would be sealed.  The state

court has now rejected HouseCanary's arguments, and published the page.  Moreover, it has

confirmed the media's First Amendment right to publish this document, which has long since been

made public both during a public trial in state court and by the public filing of the document here.

The genie cannot be put back into the bottle, and there is, therefore, no reason for the page to be

sealed in this action.

## I.      Legal Standard

"[T]he public has a common law right to inspect and copy judicial records."  *S.E.C. v. Van*

*Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  "Public access [to judicial records] serves to

promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public

with a more complete understanding of the judicial system, including a better perception of its

fairness."  *Id*. at 849 (citation omitted); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*,

710 F.2d 1165, 1179 (6th Cir. 1983) (holding that there is a First Amendment right to access certain

documents filed in civil litigation because of the risk that "secrecy [will] . . . mask[] impropriety .

. . and conceal[] corruption").  Given this fundamental right, there is a "strong presumption that all

trial proceedings should be subject to scrutiny by the public," *United States v. Holy Land Found.*

*For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), and therefore a "district court's discretion

to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848.

"The burden is on the party seeking to seal court documents to establish that the presumption of public records should be overcome." *Franklin v. Law Firm of Simon, Eddins & Greenstone, L.P.*, 2012 WL 2159219, at *3 (N.D. Tex. June 14, 2012).  Sealing a document filed publicly "undermine[s] the public's presumptive right of access to judicial records." *Dickey's Barbecue Pit, Inc. v. Neighbors*, 2015 WL 13466613, at *3 (E.D. Tex. June 5, 2015).

If the Court has previously granted a motion to seal, it may subsequently order the clerk to no longer keep the record under seal.  L.R. 5.2(d), 79(b).  One "change in circumstance" justifying unsealing is where the sealed record is released to a third party.  *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 400 (5th Cir. 1987); *accord*, *e.g.*, *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (affirming unsealing where "much of the information [in the previously sealed documents] is available elsewhere").

**II.     Because Page 11 Has Been Used in a Public Adjudicative Proceeding and the State Court Has Made it Public, Page 11 Can No Longer Be Sealed.**

The state court has now confirmed that DX481, including its last page, is and has always been public, and denied HouseCanary's motion to keep it under wraps.  Thomson Decl., Ex. A. This is a material "change in circumstance" from August 7, 2018, when this Court ordered Page 11 sealed.  *Federal Savings & Loan*, 808 F.2d at 400.  At that time, HouseCanary argued that its public filing of Page 11 in this Court was inadvertent, and that the state court had found the page to contain trade secrets; and HouseCanary was moving the state court to seal it on that basis.  Now, the state court has rejected that motion and released the page to the public, including the media intervenors.

A court "simply do[es] not have the power . . . to make what has thus become public private again," and "[o]nce the cat is out of the bag, the ball game is over." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) (citations omitted). "[I]f an article that is a trade secret becomes known to the community, it loses its status as a trade secret." *McClain v. State*, 269 S.W.3d 191, 197 (Tex. App. 2008). "The bell, once rung, cannot be unrung"—"[o]nce in the public domain, the trade secret must remain in the public domain." *Id*. "Under Texas law, information that is generally known or readily available by independent investigation is not secret for purposes of trade secrecy." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 612 (5th Cir. 2011). Thus, for example, if the Patent and Trademark Office makes a patent application available to the public, this "destroys the secrecy of its contents for trade secret purposes." *Id.*

Likewise, here, the state court has made DX481 available to the public, thereby destroying any secrecy it supposedly previously enjoyed. "[D]ocuments once unsealed cannot be resealed." *Upjohn Co. v. Marshall*, 843 S.W.2d 203, 205 (Tex. App. 1992); *accord*, *e.g.*, *In re Srivastava*, No. 05-17-00998-CV, 2018 WL 833376, at *2 (Tex. App. Feb. 12, 2018) ("Documents once unsealed cannot effectively be resealed."); *Murphy v. Rochester City Sch. Dist.*, No. 00-CV-6038L, 2002 WL 31322639, at *5 (W.D.N.Y. Sept. 30, 2002) ("a document cannot, in practical terms, be 're-sealed' once it is unsealed and open for public inspection"); *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 406 (D. Del. 2000) ("[O]nce these materials are unsealed, any rights or interests which the defendants are seeking to protect will evaporate.").

Now that the document has entered the public view, the First Amendment does not allow the Court to close it off again. *See*, *e.g.*, *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 589 (E.D. Va. 2009) (documents offered at a public trial "became, simply by

5

virtue of that event, subject to the public right of access guaranteed by the First Amendment");
*Gambale*, 377 F.3d at 140 & n.4 (("The public has a common law presumptive right of access to judicial documents, and likely a constitutional one as well.") (citation omitted)).  Indeed, numerous press organizations intervened in the state court proceedings to protect their First Amendment rights to report documents that had been publicly disclosed in that case.  *See* Thomson Decl., Ex. C (Media Intervenors Motion to Modify and/or Clarify the July 3, 2018 Sealing Order) at 4–5.  Judge Canales granted their request to clarify that they may report any documents that are not sealed— at the same time as he denied HouseCanary's motion to seal DX481.  Thomson Decl., Ex. D (October 25 Order on Media Intervenors' Motion).  The press is thus free to disclose DX481 to the public.  This Court's August 7 order, however, sets a cloud over what the First Amendment permits.  The Court should lift that cloud, and lift the seal on Page 11.  *See Fed. Savings & Loan*, 808 F.2d at 400; *North Cypress*, 781 F.3d at 204.  Indeed, the public, including the press, has a common law and First Amendment right to publish this information.  *Florida Star v. B.J.F.*, 491 U.S. 524, 533 (1989) (invalidating law that prohibited the dissemination of sensitive information and declaring that the government cannot proscribe the publication of "lawfully obtain[ed] truthful information about a matter of public significance"); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 496 (1975) (media has the right to accurately publish information obtained from judicial records).

## CONCLUSION

Defendants respectfully request that this Court unseal Page 11 of Exhibit 18 of the Tribble Declaration attached to Dockets 34 and 37.

DATE:  October 30, 2018                    Respectfully submitted,


By:    */s/*   Theodore J. Boutrous, Jr.
              Theodore J. Boutrous, Jr.

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
TBoutrous@gibsondunn.com
WThomson@gibsondunn.com

Robert C. Walters
Texas Bar No. 20820300
Michael Raiff
Texas Bar No. 00784803
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3350
Facsimile: 214.571.2927
RWalters@gibsondunn.com
MRaiff@gibsondunn.com

David M. Prichard
Texas Bar No. 16317900
PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, TX  78216
Telephone:       210.477.7401
Facsimile:       210.477.7450
DPrichard@prichardyoungllp.com

Jeffrey B. Morganroth (*pro hac vice*)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48809
Telephone: 248.864.4000
Facsimile: 248.864.4001
JMorganroth@morganrothlaw.com

Jason Davis
Texas Bar. No. 00793592
DAVIS & SANTOS P.C.
719 S. Flores Street
San Antonio, Texas 78204
Telephone:        210.853-5882
Facsimile:        210.200-8395
Jdavis@dslawpc.com

ATTORNEYS FOR DEFENDANTS QUICKEN
LOANS INC., ONE REVERSE MORTGAGE, LLC,
AND IN-HOUSE REALTY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2018, the foregoing document was electronically

filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive

an electronic copy via the Court's CM/ECF system.


                                    /s/ Theodore J. Boutrous, Jr.
                                          Theodore J. Boutrous, Jr.

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

HOUSECANARY, INC.,

        Plaintiff,

     v.

QUICKEN LOANS INC., ONE REVERSE
MORTGAGE, LLC, AND IN-HOUSE
REALTY, LLC,

        Defendants.

    No. 5:18-cv-00519-FB

## [PROPOSED] ORDER ON MOTION TO UNSEAL

On this day came to be heard Defendants' Motion to Unseal Document Made Public in State Court. The Court, having considered the motion, finds that said motion should be GRANTED.

IT IS THEREFORE ORDERED that Page 11 of Exhibit 18 of the Tribble Declaration in Support of HouseCanary's Motion for Preliminary Injunction and Memorandum in Support, attached to Dockets 34 and 37, is ordered UNSEALED.

SIGNED this _____ day of _____, 2018.

_____
HON. FRED BIERY
United States District Judge