**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| HOUSECANARY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUICKEN LOANS INC., ONE REVERSE | ) | No. 5:18-cv-00519-FB |
| MORTGAGE, LLC, AND IN-HOUSE | ) | |
| REALTY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR AN APPEALABLE RULING ON THEIR MOTION TO
DISMISS OR TRANSFER FOR LACK OF PERSONAL JURISDICTION AND VENUE,
OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF PRIOR ORDERS FOR
INTERLOCUTORY REVIEW**

## INTRODUCTION

The Court's February 19, 2019 Advisory (the "Advisory") indicates that the Court is considering whether to rule on Defendants' Motion to Dismiss or Transfer for lack of personal jurisdiction and improper venue "before or after the conclusion of the state court litigation" between HouseCanary and Title Source, Inc. ("TSI"). Dkt. 127. The Advisory also suggests that the Court might allow full merits-based discovery to proceed in this forum—all the way until the "case is ready for trial"—before ruling on the threshold issue of whether the Court does, indeed, possess personal jurisdiction over Defendants and venue is proper. *Id.* Previously, the Court indicated that it aimed to resolve the Motion to Dismiss or Transfer by the end of March 2019. Because of the possible change in course on timing, Defendants make this motion.[1]

Mindful of the Court's heavy docket, including its large number of criminal matters, Defendants respectfully request that the Court rule as soon as practicable on the pending Motion to Dismiss or Transfer and allow appellate review of that order, for both parties. As the Court previously recognized during the hearings on these issues, permitting this case to proceed on the merits before resolution of the threshold personal jurisdiction and venue questions would be inefficient and needlessly dissipate judicial and party resources. Any merits-based determinations—including the Court's recent denial of Defendants' Rule 12(b)(6) motion and any rulings made by Magistrate Judge Bemporad at the upcoming, or future, hearings on merits discovery—would be null and void if the Court lacks personal jurisdiction. This approach would also deprive Defendants of their fundamental due process right not to be subject to litigation in a forum with which they lack minimum contacts. Although the parties do not agree on the existence

---

[1] As set forth in the Certificate of Conference, Robert C. Walters, counsel for Defendants, attempted to confer on the motion with Plaintiff's counsel, Max L. Tribble, Jr., by telephone and email, but received no response.

of personal jurisdiction, they *do* agree that immediate review of that core question by the Fifth Circuit would be the proper course, and the Court could enter an administrative stay of discovery pending its resolution of the Motion if the Court requires more time in light of the demands of its other matters.

If the Court is not inclined to rule on the Motion to Dismiss or Transfer at this time, Defendants respectfully ask the Court to certify for interlocutory review its November 19, 2018 and February 11, 2019 Orders (Dkts. 94, 125), which authorized the case to proceed on the merits before the establishment of personal jurisdiction. In this way, the Fifth Circuit can determine whether it is permissible for this case to continue on the merits without a ruling on personal jurisdiction and venue.

## BACKGROUND

On July 5, 2018, Defendants filed their Motion to Dismiss or Transfer to the Eastern District of Michigan. Dkt. 32. In October 2018, the Court conducted a six-day evidentiary hearing and heard argument on Defendants' position that the Court lacks personal jurisdiction and venue is improper. The parties submitted their Final Briefs and Proposed Findings of Fact and Conclusions of Law on November 30, 2018, and the Court heard closing arguments on December 3, 2018. Dkts. 96–99. During the October and December hearings, the Court indicated that it would endeavor to issue a ruling on Defendants' Motion by the end of March 2019. Dkt. 96-2 (ER 1093 [Oct. 30, 2018 Hrg. Tr. at 1093:15-23].)

During the course of the evidentiary hearing, the Court also recognized the need for prompt and expeditious resolution of the parties' pending motions, and correctly observed that a decision from the Fifth Circuit on the jurisdictional issues would be desirable before the case proceeded to any merits-based action, such as merits discovery. *See* Dkt. 96-2 (ER25–26 [Oct. 22, 2018 Hrg.

Tr. at 25:17–26:9]).  The Court aptly observed that proceeding to the merits—including "however long it would take to finish up discovery"—would be a waste of "time and money" if the Fifth Circuit ultimately determined that the Court did not have jurisdiction.  *Id.*  For those reasons, the Court expressed an interest in issuing an appealable order—either by dismissing the case for lack of jurisdiction, or finding jurisdiction and certifying that issue for interlocutory review—to avoid proceeding on the merits before the Fifth Circuit resolved the issue of personal jurisdiction.  Dkt. 96-2 (ER25–27 [Oct. 22, 2018 Hrg. Tr. at 25:12–27:13].)  HouseCanary later indicated that if the Court were to find in favor of Defendants on jurisdiction or venue, it "would like the Court to provide an opportunity for Fifth Circuit review."  Dkt. 124.  On November 19, 2018, however, the Court issued an Order Concerning Discovery While Jurisdiction and Venue Issues are Pending and, over Defendants' objections, authorized merits-based discovery to proceed.  Dkt. 94.

On February 11, 2019, the Court issued Orders and Observations denying Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6).  Dkt. 125.  The Court did not rule on the "[t]he jurisdictional portion of defendants' motion," which "remains pending."  *Id.*  The Court also took up HouseCanary's Motion to Set Discovery and Compel Production of Documents and referred the matter to Magistrate Judge Bemporad.  *Id.*

Most recently, on February 19, 2019, the Court issued an Advisory indicating that it might not issue a ruling on the jurisdictional or venue issues until after the Texas State Litigation concludes, and suggested that it might also allow the case to proceed on the merits without a ruling on these issues until the case is certified as ready for trial.  Dkt. 127.

## ARGUMENT

Based on the Advisory, Defendants respectfully request that the Court rule on the personal jurisdiction, venue, and transfer issues as soon as practicable—before merits-based discovery

proceeds any further, and certainly before the Texas State Litigation concludes, which might not occur for several years. Indefinitely delaying a ruling on the threshold jurisdictional issues while this case proceeds on the merits is contrary to well-established Supreme Court and Fifth Circuit precedent and is inefficient. Moreover, this approach would deprive Defendants of their "liberty interest in not being subject to the binding judgments of a forum with which [they] ha[ve] established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (citation omitted).

As an initial matter, proceeding on the merits would be highly inefficient and could cause substantial prejudice to both parties. The Supreme Court has long held that "wherever a court acts without jurisdiction, its decrees, judgments, and proceedings are absolute nullities, powerless as evidence for any purpose whatever. They are not voidable, but simply void . . ." *Webster v. Reid*, 52 U.S. 437, 451 (1850); *see also Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962) ("In the absence of jurisdiction over the person of a defendant in an action in personam, the orders and judgments of the court are void."). And as Justice Ginsburg explained more recently, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431–32 (2007). Accordingly, any merits-based determinations by this Court (or the Magistrate Judge) would be void, and the parties would have to start over from scratch in the Eastern District of Michigan (assuming transfer), if this Court lacks personal jurisdiction.

For example, the Court's February 11, 2019 Order denying Defendants' Rule 12(b)(6) motion (Dkt. 125) would be a nullity because without personal jurisdiction "the court is powerless to proceed to adjudication" on the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584

(1999) (internal citation omitted).  In addition, all discovery rulings would be void and without force if the case is dismissed or transferred.  It is an unfortunate fact that discovery disputes typically arise during the course of litigation—from the scope of document productions, to determinations of relevance and privilege, to the number and location of depositions—and will surely arise here.  Indeed, they already have.  In addition to disputes raised by both parties in the pending Motion to Set Discovery and Compel Production of Documents (Dkt. 121), which is currently set to be heard by Magistrate Judge Bemporad on March 7 (Dkt. 126), the parties are at an impasse regarding the scope of confidentiality protections necessary in this action, and plan to submit a motion with their respective positions to the Court for resolution.  Moreover, although the parties have been engaging in comprehensive meet-and-confer conferences regarding wide-ranging issues involving written discovery requests, the parties have been unable to resolve significant legal issues involving the nature of the claims and defenses and the scope of permissible discovery—these disputes too will likely require judicial resolution.  But this Court's (or Judge Bemporad's) rulings on these issues would all be void if there is no personal jurisdiction.  *Webster*, 52 U.S. at 451; *U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 76, 79 (1988) (subpoenas "issued to obtain discovery on the merits of the litigation" were "void" since the court lacked jurisdiction).

It would be imprudent for the Court to spend considerable time and energy resolving these types of issues now when there is a very real chance that those efforts would all be for naught, and would eventually have to be reheard and decided by another court.  This is precisely the concern this Court and the parties discussed during the evidentiary hearing and sought to avoid by having the Court enter an appealable order on personal jurisdiction before the case proceeded to the merits. But the Court's Advisory now raises the possibility that a ruling on jurisdiction might not be

forthcoming until after the Texas State Litigation is resolved and suggests that merits discovery—which presumably would require the completion of all merits-based discovery, preparation of witnesses and exhibits, and resolution of any motions in limine—may proceed until the case is ready for trial.

In addition to being inefficient, proceeding on the merits before personal jurisdiction is established is legally improper.  As explained in Defendants' previous submissions (Dkts. 90, 93), "[w]ithout jurisdiction the court cannot proceed at all in *any* cause."  *Sinochem*, 549 U.S. at 431 (emphasis added).  The Supreme Court has repeatedly held that "[t]he requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  For these reasons, under Fifth Circuit law "discovery on the merits should not take place until the court has ruled on the jurisdictional issues."  *Klayman v. Obama*, 2016 WL 5942227, *6 (N.D. Tex. Oct. 12, 2016); *see also Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).[2]

Defendants are not aware of a single case (and HouseCanary certainly has not cited any in its submissions) where a court—at the appellate or district court level—has allowed merits-based discovery to proceed before personal jurisdiction was established.  To the contrary, multiple courts have held that allowing merits discovery to proceed would "undermine the due process considerations that personal jurisdiction is designed to protect."  *Victoria's Secret Stores Brand*

---

[2]  The same is true in other Circuits.  *See, e.g.*, *Hoeller v. Vill. of Barrington*, 619 F. App'x 534, 534 (7th Cir. 2015) ("without personal jurisdiction, the court cannot proceed to the merits"); *McCook Metals LLC v. Alcoa, Inc*., 249 F.3d 330, 333 (4th Cir. 2001) (court must "be sure of its own jurisdiction" before deciding "discovery issues on the merits"); *see also McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30–31 (3d Cir. 1970) (holding that "it is not proper to postpone consideration of [an] application to transfer under § 1404(a) until discovery on the merits is completed").

*Mgmt., Inc. v. Bob's Stores LLC*, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014); *see also* Dkt. 90 (collecting cases).

 Nor is there merit to the suggestion by HouseCanary that "discovery might as well continue in this court [because] it is more or less inevitably going to occur in *some* federal district court." *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, 2010 WL 1957306, at *1 (D.Colo. May 13, 2010). As one court has correctly noted, this argument misses the point: "Defendant[s'] Motion to Dismiss implicates the issue of whether requiring Defendant[s] to litigate this case *in this jurisdiction*—including engaging in discovery—would offend 'traditional notions of fair play and substantial justice' and constitutional due process." *Id.* at *2 (emphasis original). And "[i]f th[e] . . . court were to conclude that [it] . . . has no personal jurisdiction over Defendant[s] after this court required the parties to conduct discovery, then Defendant[s] would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it." *Id.* The same is true here. In addition, proceeding with discovery until the case is ready for trial without a determination of jurisdiction forces Defendants to litigate on issues that could be disposed of early in the case (including matters of summary judgment) by a court in which jurisdiction has been established.

 Waiting to rule on the threshold jurisdictional and venue issues until the Texas State Litigation between HouseCanary and TSI (which is not a party to this action) has concluded is also unwarranted because that litigation has no bearing on the question whether *this Court* has personal jurisdiction over Defendants. The issues presented in the Texas State Litigation—which center on non-party TSI's alleged misappropriation, fraud, and breach of contract, and the validity of the jury's damages award—have *nothing* to do with the existence of personal jurisdiction over the Defendants here. Defendants are not parties to the Texas State Litigation, and HouseCanary has

admitted that it made a "strategy decision" to proceed against only TSI in state court.  Dkt. 96-2 (ER21 [Oct. 22, 2018 Hrg. Tr. at 21:6-20].)  Moreover, the Texas State Litigation is not likely to be resolved for years—especially if the Texas Court of Appeals or Texas Supreme Court orders a new trial; therefore, delaying a ruling on personal jurisdiction and venue would effectively mean that Defendants would be forced to litigate this *entire case* in the Western District of Texas, except for the actual trial, before the Court makes the threshold jurisdictional determination.[3]

That would be fundamentally unfair, inefficient, and would deprive Defendants of the due process rights that personal jurisdiction safeguards are meant to protect.  *Bristol-Myers Squibb v. Superior Court*, 137 S.Ct. 1773, 1780 (2017) ("[R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation.  They are a consequence of territorial limitations on the power of the respective States.'") (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)).

---

[3]  The Court has issued several observations about the possible course of future events depending on the outcome of the Texas State Litigation.  Dkt. 125 at 3.  The Court observed that if the state court judgment were affirmed, "HouseCanary presumably would seek to collect against these defendants also under its theories of alter ego, et cetera."  *Id.* at 3.  But neither the Court nor Defendants can predict with any certainty what HouseCanary might do, and HouseCanary has of course not disclosed its litigation strategy on this future potentiality.  We do know, however, that HouseCanary has indicated it will seek additional damages from Defendants in this Court *regardless* of the outcome in state court.  Dkt. 96-2 (ER110 [Oct. 22, 2018 Hrg. Tr. at 110:1-17 [HouseCanary's counsel arguing that the damages model in the federal case includes "uses that are well beyond what [they] discussed and what was the subject of [their] damages model in the state court case"]).  The Court further observed that if the state court judgment were reversed, HouseCanary would "presumably" take certain actions, including adding Defendants to the state court case.  Dkt. 125 at 3.  Again, attempting to guess how HouseCanary would proceed is speculative, and it is in any event far from clear that such a joinder would even be permissible.  It is simply not possible to say how any of these scenarios will play out, and there is thus no basis for deferring action on the personal jurisdiction and venue issues before this Court pending the conclusion, years from now, of the state matter.  What is clear, by contrast, is that proceeding on the merits absent resolution of those issues would generate huge inefficiencies and fundamental unfairness here and now, as explained above.

## REQUEST FOR RELIEF

Thus, Defendants respectfully ask the Court to rule on Defendants' Motion to Dismiss or Transfer for lack of personal jurisdiction and improper venue as soon as the Court's schedule permits.[4]  HouseCanary has already indicated that if the Court finds in favor of Defendants, it "would like the Court to provide an opportunity for Fifth Circuit review"—presumably meaning that the Court should enter an Order dismissing the case, which would be immediately appealable. Dkt. 124.  This is the easiest, quickest, and best path to the Fifth Circuit.  If, however, the Court is inclined to rule against Defendants, they respectfully ask the Court to certify these issues for interlocutory appeal so that they might be heard by the Fifth Circuit before the case continues on the merits.  Although Defendants believe that precedent dictates dismissal or at least transfer of the case based on jurisdiction and venue, there can be no doubt that the issues presented satisfy the standard for certification:  that is, this Court may "be of the opinion" that the Motion to Dismiss or Transfer involves "a controlling question of law as to which there is substantial ground for difference of opinion," and an immediate appeal would surely "advance the ultimate termination of the litigation" if the Fifth Circuit finds there is no jurisdiction or venue is improper.  28 U.S.C. § 1292(b).

Defendants also acknowledge and of course respect the Court's statements that it has a crowded docket with a heavy load of criminal cases.  Therefore, if more time is needed for the Court to resolve the Motion to Dismiss or Transfer, Defendants respectfully suggest a temporary

---

[4]  As the Court has stated, "HouseCanary's path to jurisdiction is now limited to the written agreements between HouseCanary and Title Source/Amrock."  Dkt. 125 at 2.  The question whether the contractual forum selection clause applies to Defendants has been fully briefed by the parties.

administrative stay of further merits-based actions, including discovery, until the Court is able to issue its ruling.

Alternatively, if the Court is not inclined to rule on the Motion to Dismiss or Transfer in the immediate future, Defendants respectfully request that the Court certify its November 19, 2018 and February 11, 2019 Orders (Dkts. 94, 125) for interlocutory appeal under 28 U.S.C. § 1292(b) so that the Fifth Circuit can address the issue of whether it is appropriate for a district court to proceed to the merits of an action without resolving a challenge to personal jurisdiction. That issue, too, amply satisfies the standard for certification for interlocutory appeal.

DATE: February 26, 2019           Respectfully submitted,

By:   */s/*  Theodore J. Boutrous, Jr.
              Theodore J. Boutrous, Jr.

Theodore J. Boutrous, Jr. (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
TBoutrous@gibsondunn.com

Robert C. Walters
Texas Bar No. 20820300
Michael Raiff
Texas Bar No. 00784803
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3350
Facsimile: 214.571.2927
RWalters@gibsondunn.com
MRaiff@gibsondunn.com

David M. Prichard
Texas Bar No. 16317900
PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, TX  78216
Telephone:  210.477.7401
Facsimile:  210.477.7450
DPrichard@prichardyoungllp.com

Jeffrey B. Morganroth (*pro hac vice*)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48809
Telephone: 248.864.4000
Facsimile: 248.864.4001
JMorganroth@morganrothlaw.com

Jason Davis
Texas Bar. No. 00793592
DAVIS & SANTOS P.C.
719 S. Flores Street
San Antonio, Texas 78204
Telephone:  210.853-5882
Facsimile:  210.200-8395
Jdavis@dslawpc.com

ATTORNEYS FOR DEFENDANTS QUICKEN
LOANS INC., ONE REVERSE MORTGAGE, LLC,
AND IN-HOUSE REALTY, LLC

11

## <u>CERTIFICATE OF CONFERENCE</u>

Under Local Rule CV-7(i), counsel for Defendants have sought to confer with Plaintiff's counsel on the relief Defendants seek by this motion.  Despite three communications on Monday, February 25th—one by telephone (leaving a detailed voicemail of the nature of the motion) and two follow-up emails—Plaintiff's counsel has not responded.  Of course, counsel will promptly alert the Court if the parties can reach agreement on any aspect of the relief sought by this motion.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

_____/s/ Theodore J. Boutrous, Jr._____
Theodore J. Boutrous, Jr.
